**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TIRA SHELBY, | |
| Plaintiff, | |
| v. | Case No. 25-cv-13064 |
| UNITED STATES OF AMERICA, | Judge Mary M. Rowland |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Tira Shelby ("Shelby") sues the United States of America (the "United States") bringing claims under the Federal Tort Claims Act ("FTCA"). The United States now moves to dismiss, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, claiming Shelby's action is barred under the doctrine established in *Feres v. United States*. 340 U.S. 135 (1950).

For the reasons described below, the United States' motion [14] is granted

## I. Background

In May 2016, Shelby was serving in the United States Navy. [1] ¶ 10. On May 7, 2016, Shelby presented to the emergency room with a perforated gastric ulcer. *Id.* ¶ 11. She was treated by medical professionals who were employees of the Navy, acting in their roles as government employees. *Id.* ¶¶ 1, 8, 20. Shelby was placed under anesthesia while doctors performed an exploratory laparotomy with graham patch. *Id.* ¶ 12. The medical report following the procedure reported no complications and stated that all recorded equipment counts were correct. *Id.* ¶¶ 13–14.

1

Eight years later, in 2024, Shelby sought medical attention for gastrointestinal tract and rectal concerns. *Id.* ¶ 15. Her doctors performed an esophagogastroduodenoscopy and colonoscopy and discovered an anesthesia induction tube in her stomach. *Id.* ¶¶ 15–17; [1-3] ¶ 11. Shelby maintains that she has had no operations since she was treated for her ulcer in 2016. [1] ¶ 18.

After exhausting her administrative remedies, *id.* ¶¶ 2–4, on October 27, 2025, Shelby filed the instant FTCA action against the United States, alleging that the tube in her stomach was left there by the doctors in her 2016 surgery. *Id.* ¶ 21. Her Complaint bring counts for medical malpractice (Count I) and fraudulent concealment (Count II). *Id.* ¶¶ 19–29.

On December 30, 2025, the United States moved to dismiss for lack of subject matter jurisdiction. [14].

## II. Standard

Rule 12(b)(1) permits the dismissal of complaints over which the court may not exercise subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking federal jurisdiction has the burden to establish that jurisdiction exists. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). In evaluating a motion under Rule 12(b)(1), the court must first determine whether the defendants raise a factual or facial challenge to subject matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Here, the United States raises a facial challenge, arguing that Shelby fails to sufficiently allege a basis for subject matter jurisdiction. [14]. In this context, courts "must accept all well-pleaded factual allegations as true

2

and draw all reasonable inferences in favor of the plaintiff." *Silha*, 807 F.3d at 173–74 (instructing that "when evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly-Iqbal's* 'plausibility' requirement").

### III.    Analysis

#### A. The FTCA and the *Feres* Doctrine

The FTCA acts as a waiver of the United States' sovereign immunity for recognized tort causes of action. *Feres*, 340 U.S. at 139–41; 28 U.S.C. § 1346(b). This waiver is subject to certain statutory and judicially recognized constraints. *Stephenson v. Stone*, 21 F.3d 159, 162 (7th Cir. 1994); *see also Feres*, 340 U.S. at 140–41 ("[the FTCA] does not say that all claims must be allowed").

In *Feres*, the Supreme Court concluded that the FTCA does not waive sovereign immunity for claims by "servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. The Supreme Court has held that this doctrine protects the distinctively federal relationship between the government and service members; promotes the existence of other statutory schemes of compensation for service members; and avoids judicial interference with military discipline and effectiveness. *Jones v. United States*, 112 F.3d 299, 301 (7th Cir. 1999) (discussing *United States v. Johnson*, 481 U.S. 681, 688–91 (1987)).

In determining whether *Feres* applies, "[t]he dispositive inquiry [is] whether the service-member stand[s] in the type of relationship to the military at the time of his or her injury that the occurrences causing the injury arose out of activity incident to military service." *Stephenson*, 21 F.3d at 162. This inquiry is not driven by bright-line

rules. *Id*. However, courts have consistently held that a service member's injury is generally incident to military service if the injury occurred while the individual was on active duty. *Id*. at 162–63; *see also Maas v. United States*, 94 F.3d 291, 294 (7th Cir. 1997) ("a serviceman alleging negligence on the part of military personnel may only bring an action under the FTCA when it is predicated upon negligence that occurred following discharge."). This is true "even where the underlying injury that brought the servicemember to the hospital was not caused by service." *Jones*, 112 F.3d at 302.

As Shelby observes, the *Feres* doctrine has been subject to criticism. [20] at 2–11. But it "remains the law until Congress or the Supreme Court decides otherwise." *Purcell v. United States*, 656 F.3d 463, 466 (citing *Selbe v. United States*, 130 F.3d 1265, 1268 (7th Cir. 1997)).

### B. Shelby's Claim is Barred by *Feres*

Application of the *Feres* doctrine to Shelby's allegations is straightforward. Indeed, Shelby's allegations are analogous to the claims of Arthur K. Jefferson in *Feres,* who sued for injuries resulting from a towel left in his stomach after an abdominal operation in a military hospital. 340 U.S. at 137. Like Jefferson, Shelby sues for damages related to a medical device allegedly left in her stomach after an operation by a military doctor. *Id*; [1] ¶¶ 8, 16–18; [1-3] ¶ 11. Because, like Jefferson, she was on active duty and cared for by military personnel, Shelby stood in the kind of relationship to the military contemplated by *Feres*. 340 U.S. at 146. Her alleged injuries are therefore a result of activities "incident to service." *Id*. at 146; *Stephenson*,

4

21 F.3d at 162. *See also Zmysly v. United States*, 08 C 6111, 2009 WL 10739724, at *2–3 (N.D. Ill. Aug. 20, 2009) (dismissing under *Feres* a malpractice suit for negligent surgery by military doctors).

Accordingly, under *Feres*, sovereign immunity is not waived. This Court therefore lacks subject matter jurisdiction, and the case must be dismissed.

## IV.    Conclusion

For the stated reasons, the United States' motion to dismiss [14] is granted. Shelby's action is dismissed without prejudice for lack of subject matter jurisdiction. Civil case terminated. Judgment to enter.

E N T E R:

Dated: June 15, 2026

_____
MARY M. ROWLAND
United States District Judge

5